DANIEL G. ARNSTEIN, Plaintiff, v. GLENS FALLS INSURANCE COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, December 8, 1953.

*Gregory J. Rivkins, David J. Maloof* and *John J. Killea* for Glens Falls Insurance Company, defendant.

*Jacob I. Charney* and *Simon J. Hauser* for plaintiff.

GAVAGAN, J. Motion to dismiss the complaint for legal insufficiency is denied. Plaintiff, it appears, is the holder of a personal property floater policy, issued by the moving defendant. The complaint alleges that plaintiff occupied, as lessee, a furnished apartment of one, not a party to this action; that the lessor claimed certain damage to his personal property during the term of the lease; that plaintiff has been sued by the lessor; that the damage claimed by the lessor, if in fact it did occur, is within the coverage of the policy and that plaintiff has performed except to the extent that performance was waived. A second cause for a declaratory judgment is set forth.

Plaintiff is in the position of not knowing whether or not one whose property was in his possession and as such, is subject, it is asserted, to the coverage of the policy, has been damaged. Plaintiff denies such damage but an issue exists with respect thereto. If it is determined that plaintiff is in error and that the damage actually occurred such determination will not or may not be known until after the short Statute of Limitations contained in movant's policy has expired. The carrier construes this first as an attempt to convert a policy insuring against loss into one of indemnification. When the plaintiff comes forward with the contention that the first cause is based on a claim of loss as insured against, the carrier replies that there is no allegation of loss, absent which the cause is defective. On the face of the complaint it is quite clear that no square allegation of loss or damage has been made. Indeed none can be made until the litigation of the lessor against plaintiff at bar has been

terminated. The claim for such loss is present however and the pleader has set this forth seeking to recover the amount sued for or such sum, if any, as may be recovered. If plaintiff lessor fails to recover the action on the policy cannot succeed. If he recovers, however, plaintiff at bar has been damaged and on the face of the pleading it appears that the moving defendant is an insurer against that loss. While all this is being determined the short statute is running.

The sufficiency of the first cause will depend therefore on the sufficiency of allegation of loss. If in fact there has been a loss within the provisions of the policy and this fact as well as the extent of such loss is not determinable at this time the facts showing the possibility of such loss and the known extent thereof may be pleaded in lieu of an allegation of absolute loss. To hold otherwise would leave this plaintiff and others similarly situated at the mercy of those claiming losses covered by insurance under policies containing short statutes, which losses are not asserted or determined prior to the running of such statutes. While it may very well be that plaintiff at bar could have impleaded the moving defendant in the lessor's action as one contingently liable under section 193 of the Civil Practice Act, there is no obligation to do so and it is not too clear that such a right exists under said section and that if it does exist that a severance would not be granted. To permit such pleading would, it appears, render sound the contention that the policy is being construed as a liability policy rather than an insurance policy.

It is, therefore, held that the complaint states a cause of action and the motion is accordingly denied.